

FILED
JUN - 4 2020
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA LORENA LOPEZ-HUERTA,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.: 18-cv-02773-BEN<br>17-cr-01072-BEN-2<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255** |

On February 12, 2018, following a guilty plea, Movant Ana Lorena Lopez-Huerta ("Movant") was sentenced to eighty-months in custody. As part of her plea agreement, she waived her right to appeal or collaterally attack her sentence. She now moves to reduce her sentence pursuant to 28 U.S.C. § 2255. Because Movant waived her right to challenge her sentence and because the record fails to support her claims, the Court DENIES her Motion.

///
///
///
///
///

## BACKGROUND

On April 26, 2017, Movant was indicted for conspiring to distribute methamphetamine and distribution of methamphetamine. (Doc. No. 1.)[1] On August 15, 2017, Movant reached a plea agreement with the Government. As part of the plea agreement, the Government agreed to allow Movant to plead guilty to count six of the indictment, and to dismiss the remaining counts at sentencing. (*See* Plea Agreement, Doc. No. 46.) As part of the plea agreement, Movant waived her right to appeal or collaterally attack her sentence with limited exceptions:

> Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. The only exceptions are: (1) Defendant may appeal a custodial sentence above the high end of the guideline range recommended by the Government at sentencing (if USSG § 5G1.1(b) applies, the high end of the range will be the statutorily required mandatory minimum sentence), and (2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel.

*Id.* § XI.

At the time Movant pled guilty, she stated under oath that she had not taken any drugs, alcohol or medication in the last 48 hours that affected her ability to understand what she was doing. Magistrate Judge Ruben B. Brooks also confirmed that Movant had given up her right to collateral attack as part of the plea agreement.

The Probation Officer prepared a Presentence Report (Doc. No. 64) which calculated Movant's base offense level to be 34 and her guideline range to be 120—135 months, with a recommendation of 120-months in custody. *Id.* ¶¶ 111-112.

In view of the plea agreement, the Government filed a Sentencing Summary Chart recommending the Court find the *base* offense level to be 32 but reduced the *total* offense

---

[1] All Doc. No. references are to the criminal case, 17-cr-1072, unless otherwise noted.

1   level to 27 (5-level departure based on the Governments recommendation of *safety valve*
2   and an *acceptance of responsibility* adjustment) with a resulting guideline range of 70 to
3   87-months. (Doc. No. 99.) The Government ultimately recommended 80-months in
4   custody. *Id.*

5       Defense counsel filed a Sentencing Summary Chart agreeing with these
6   calculations but recommending a sentence of 37-months. (Doc. No. 98.) Defense
7   counsel also filed a Sentencing Memorandum arguing that Movant had a drug problem
8   which led her to commit the offense. Moreover, the fact that she was responsible for
9   supporting herself, several of her own children, and 3 *young* grandchildren only further
10  complicated her situation. (Doc. No. 100 at 3.)

11      Ultimately, the Court adopted the Government's calculation of the sentencing
12  guidelines as 70 to 87-months. (Sentencing Transcript 12:1-2.) The Court sentenced
13  Movant to a mid-range sentence of 80-months in custody. *Id.* 12:3-5. Counsel confirmed
14  that Movant had waived her right to collateral attack. *Id.* at 13:7.

15      Movant now moves for a reduction in her sentence pursuant to 28 U.S.C. § 2255,
16  arguing: (1) misrepresentation by counsel; (2) first time offender; and (3) she suffers
17  from high blood pressure, high cholesterol, and severe depression. (Doc. No. 122.) The
18  Government has not filed an opposition to the Motion.

## LEGAL STANDARD

20      Under § 2255, a movant is entitled to relief if the sentence: (1) was imposed in
21  violation of the Constitution or the laws of the United States; (2) was given by a court
22  without jurisdiction to do so; (3) was in excess of the maximum sentence authorized by
23  law; or (4) is otherwise subject to collateral attack. Title 28 U.S.C. § 2255; *United States*
24  *v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005). If it is clear the movant has failed
25  to state a claim, or has "no more than conclusory allegations, unsupported by facts and
26  refuted by the record," a district court may deny a § 2255 motion without an evidentiary
27  hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). That is the case here.

# DISCUSSION[2]

## I. Reduction of Sentence

As an initial matter, except for her claim of ineffective assistance of counsel, Movant knowingly and voluntarily gave up her right to appeal or collaterally attack her sentence as part of the plea agreement. (Plea Agreement § XI.) Such a waiver is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 319 (9th Cir. 1996) (holding a waiver of appeal is enforceable as part of a negotiated plea agreement if it is made voluntarily and knowingly); *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir. 1993) (same with respect to collateral attack). On that ground alone, her Motion to reduce the sentence fails as to grounds two and three.

Moreover, all three grounds Movant asserts in support of her Motion lack merit. The Court notes that all three grounds were addressed at sentencing either in the Presentence Report, by her attorney (*in his Sentencing Memorandum*), or both. As to ground one, Movant initially faced a mandatory minimum sentence ranging from 10-years to life in prison if convicted. Had counsel not successfully negotiated a plea offer with the Government, 120-months would have been the minimum mandatory sentence. Instead, Movant received great benefit from entering into the plea agreement that her attorney obtained from the government. As to ground two, the Court was also informed that Movant was a first-time offender by defense counsel.[3] This fact was also reiterated in the Presentence Report. (Presentence Report ¶¶ 50-54.) Defense counsel also argued that Movant was a single mother caring not just for her children, but also multiple grandchildren. As to ground three, Defense Counsel noted that this stress likely contributed to her health issues (*including depression*), drug (methamphetamine) abuse, past criminal activities, and knowledge of the unfortunate consequences she now faces

---

[2] The Court determines there is no need for an evidentiary hearing.
[3] "MR. CARRIEDO: 'She had no record. None whatsoever.'" (Sentencing Transcript, 3:4.)

4

because of pleading guilty for those activities. Thus, all of the factors now raised in this Motion were raised and considered by the Court at sentencing. To the extent that Movant argues that her attorney failed to mention any of these concerns at sentencing, the record says otherwise.

**II. Ineffective Assistance of Counsel**

To the extent Movant is arguing that her attorney's representation was ineffective, this argument must also fail. Even in a claim of ineffective assistance of counsel in a guilty plea, the defendant must meet the *Strickland* test; that is, she must show first, "that counsel's assistance was not within the range of competence demanded of counsel in criminal cases," and second, that she suffered actual prejudice because of this incompetence. *Lambert v. Blodgett*, 393 F.3d 943, 979-80 (9th Cir. 2004); see also *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

"A deficient performance is one in which counsel made errors so serious that [ ]he was not functioning as the counsel guaranteed by the Sixth Amendment." *Iaea v. Sunn*, 800 F.2d 861, 864 (9th Cir. 1986); (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987). The court should not view counsel's actions through "the distorting lens of hindsight." *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995) (quoting *Deutscher v. Whitley*, 884 F.2d 1152, 1159 (9th Cir. 1989), *vacated on other grounds in Angelone v. Deutscher*, 500 U.S. 901 (1991)). To satisfy the second "prejudice" prong in a guilty plea case, "defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pled guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Movant fails to establish either prong of the ineffective assistance of counsel test in this case.

To begin, Movant claims "[m]isrepresentation by counsel," alleging "he [Mr. Carriedo] didn't do much to represent me like he should have."[4] (Doc. No. 122 at 3.) Movant even claims Judge Benitez "stated that the day I [she] got sentenced." *Id.* However, Movant identifies no specific evidence to support this claim. This general allegation lacks important specifics and evidentiary support. Moreover, review of the sentencing transcript indicates just the opposite. Specifically, the Court found Mr. Carriedo's colloquy helpful.[5] These comments, combined with the fact that Movant faced considerably greater time in custody had it not been for the negotiated plea agreement Mr. Carriedo zealously advocated, refutes the claim. Second, the Court accepted Mr. Carriedo's claim Movant was a first-time offender when it acknowledged Movant had a Criminal History Score of "I". (*See* Doc. Nos. 98-99.) Finally, the Court was aware of Movant's health problems as Mr. Carriedo mentioned them at the Sentencing Hearing. The sentencing transcript reflects Mr. Carriedo advocated for a downward departure to 37-months, based *in part* on Movant's health conditions and the services she would be ineligible to receive due to her status as an illegal alien with a criminal conviction. Movant received a greatly reduced sentence as part of her plea agreement.

It bears noting that Movant was initially facing at least a ten-year mandatory minimum sentence, with the possibility of life in prison. Mr. Carriedo negotiated a deal in which that sentence was reduced by at least three years. As discussed *supra*, one of the reasons considered by the Court in imposing the sentence was Movant's health issues which had been documented in the Presentence Report and addressed by Mr. Carriedo at

---

[4] "Movant claims Judge Benitez stated that '[m]y attorney asked for a lesser sentence, but the judge refused because he felt that my public defender [sic] [Roberto Corrido] didn't do much on my case'". (Doc. No. 122 at 3.)

[5] "THE COURT: 'I got it. All right. Thank you. Thank you, Mr. Carriedo. Yeah, I – I appreciate your comments, Mr. Carriedo. They're – as usual, they're concise, and they're – they're cogent.'" (Sentencing Transcript 10:9-13.)

the sentencing hearing. Thus, Movant fails to show how further focus on her health issues by Mr. Carriedo would have likely changed the outcome in this case.

To sum up, there is little to overcome the presumption that her attorney's performance was effective. *Hendricks*, 70 F.3d at 1036. Even assuming, for the sake of argument, that the performance prong was established, Movant has not viably established the prejudice prong as required by *Hill*, 474 U.S. at 56-57. Moreover, Movant fails to make any showing that she would not have pled guilty and would have insisted on going to trial had she known she would receive a higher sentence or any other reason. Both prongs must be satisfied for relief. Neither prong has been established.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Movant's Motion. Second thoughts are not grounds for a motion to vacate or modify a sentence.

Additionally, a court may only issue a certificate of appealability where the movant has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Movant has not made the necessary showing. A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: June 4, 2020

HON. ROGER T. BENITEZ
United States District Judge